**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA )**
**)**
**v. ) NO.07-00027-01S**
**)**
**KENNETH FONTES )**

**SENTENCING MEMORANDUM**

**ON BEHALF OF KENNETH FONTES**

Through counsel, **KENNETH FONTES** files the following Sentencing Memorandum setting forth all factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

Kenneth Fontes was arrested and pleaded guilty to Count I possession with intent to distribute 5 grams or more of Cocaine Base in violation of 21 USC§841(a)(1) and (b)(1)(B)(iii) and Count II Felon in possession of a firearm. Per the pre-sentence report, the defendant's guideline range is Offense level 31 and criminal history category VI, the range 188-235. The career criminal regulations guideline applies. The mandatory minimum is 5 years. Defendant asks this court to vary his sentence from this guideline to take into account the fact that the charge pleaded to was less than twenty grams and a mandatory minimum sentence of five years. The guideline calculation without the career criminal adjustment would yield an offense level of 32 and a reduction of 3 levels

## Sentencing under *Booker*

On January 12, 2005, the Supreme Court ruled that its Sixth Amendment holding in Blakely v. Washington, 124 S. Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000) applies to the Federal Sentencing Guidelines. United States v. Booker, 125 S. Ct. 738, 756 (2005). Given the mandatory nature of the Sentencing Guidelines, the Court found "no relevant distinction between the sentence imposed pursuant to the Washington statutes in Blakely and the sentences imposed pursuant to the Federal Sentencing Guidelines" in the cases before the Court. Id. at 751. Accordingly, reaffirming its holding in Apprendi, the Court concluded that

> [a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

Id. at 756.[1]

Based on this conclusion, the Court further found those provisions of the federal Sentencing Reform Act of 1984 that make the Guidelines mandatory, 18 U.S.C. § 3553(b)(1) or which rely upon the Guidelines's mandatory nature, 18 U.S.C. § 3742(e), incompatible with its Sixth Amendment holding. Booker, 125 S. Ct. at 756. Accordingly, the Court severed and excised those provisions, "mak[ing] the Guidelines effectively advisory." Id. at 757.

Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by Booker, requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. § 3553(a)(4) (Supp.2004), but it permits the court to tailor the sentence in light of other statutory concerns as well,

see § 3553(a). Booker, 125 S. Ct. at 757. Thus, under Booker, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a).

The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a)(2) states that such purposes are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, § 3553(a) further directs sentencing courts to consider the following factors:

1) "the nature and circumstances of the offense and the history and characteristics of the defendant" (§ 3553 (a)( 1);
2) "the kinds of sentences available" (§ 3553(a)(3);
3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" (§ 3553(a)(6); and
4) "the need to provide restitution to any victims of the offense." (§ 3553(a)(7).

Other statutory sections also give the district court direction in sentencing. Under 18 U.S.C. § 3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3 553(a) factors, the judge is required to "recogniz[e] that imprisonment is *not* an appropriate means

of promoting correction and rehabilitation" (emphasis added).

Under 18 U.S.C. § 3661, "*no limitation* shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (emphasis added). This statutory language certainly overrides the (now-advisory) policy statements in Part H of the sentencing guidelines, which list as "not ordinarily relevant" to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. *See* U.S.S.G. § 5H1. See also United States v. Nellum, 2005 WL 300073, 2005 U.S. Dist. LEXIS 1568 (N.D. Ind. Feb. 3, 2005) (Simon, J.) (taking into account fact that defendant, who was 57 at sentencing, would upon his release from prison have a very low likelihood of recidivism since recidivism reduces with age; citing Report of the U.S. Sentencing Commission, Measuring Recidivism: the Criminal History Computation of the Federal Sentencing Guidelines, May 2004); United States v. Naylor, F. Supp. 2d , 2005 WL 525409, *2, 2005 U.S. Dist. LEXIS 3418 (W.D. Va. Mar. 7, 2005) (Jones, J.) (concluding that sentence below career offender guideline range was reasonable in part because of defendant's youth when he committed his predicate offenses – he was 17 – and noting that in Roper v. Simmons, 125 S. Ct. 1183, 1194-96 (2005), the Supreme Court found significant differences in moral responsibility for crime between adults and juveniles).

The directives of Booker and § 3553(a) make clear that courts may no longer

uncritically apply the guidelines. Such an approach would be "inconsistent with the holdings of the merits majority in Booker, rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in Booker, directing courts to consider all of the § 3353(a) factors, many of which the guidelines either reject or ignore." United States v. Ranum, 353 F. Supp. 2d 984, 985-86 (E.D. Wisc. Jan. 19, 2005) (Adelman, J.). As another district court judge has correctly observed, any approach which automatically gives "heavy" weight to the guideline range "comes perilously close to the mandatory regime found to be constitutionally infirm in Booker." United States v. Jaber, __ F. Supp. 2d __, 2005 WL 605787 *4 (D. Mass. March 16, 2005) (Gertner, J.). See also United States v. Ameline, 400 F.3d 646, 655-56 (9th Cir. Feb. 9, 2005) (advisory guideline range is "only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence"), reh'g en banc granted, 401 F.3d 1007 (9th Cir. 2005).

Justice Scalia explains the point well in his dissent from Booker's remedial holding:

> Thus, logic compels the conclusion that the sentencing judge, after considering the recited factors (including the guidelines), has full discretion, as full as what he possessed before the Act was passed, to sentence anywhere within the statutory range. If the majority thought otherwise – if it thought the Guidelines not only had to be 'considered' (as the amputated statute requires) but had generally to be followed – its opinion would surely say so.

Booker, 125 S. Ct. at 791 (Scalia, J., dissenting in part). Likewise, if the remedial

majority thought the guidelines had to be given "heavy weight," its opinion would have said so. The remedial majority clearly understood that giving any special weight to the guideline range relative to the other Section 3553(a) factors would violate the Sixth Amendment.

In sum, in every case, a sentencing court must now consider all of the § 3553(a) factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing. And where the guidelines conflict with other sentencing factors set forth in § 3553(a), these statutory sentencing factors should generally trump the guidelines. See United States v. Denardi, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J, concurring in part, dissenting in part) (arguing that since § 3553(a) requires sentence be no greater than necessary to meet four purposes of sentencing, imposition of sentence greater than necessary to meet those purposes violates statute and is reversible, even if within guideline range).

In the present case, the following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

**1. The Nature and Circumstances of the Offense and the History and Characteristics of the Offender**

**(a) Nature and Circumstances of Offense**

Here it is the case that the instant matter deals with street level operations. The mandatory minimum is 60 months. The sentence is driven primarily by career criminal guidelines specifically prior drug offenses.

**(b) History and Characteristics of Mr. Fontes.**

The defendant is 12 years out of his Alternative High School experience. He had an IEP and has a difficult career path with limited opportunity and chronic unemployment. He has a supportive family. He has a criminal history. Mr. Fontes has pleaded to state charges over the years. Pertaining to the Career criminal calculation there appears some mitigating information in the narratives showing again in connection with paragraph 37 involved 29 $10 bags according to the narrative which appears to be gleaned from a police report. Paragraph 42 again reveals street level quantities at issue. The same is indicated in paragraph 47. The salient point is that Mr. Fontes does not present as a high level drug defendant yet strict adherence to the guideline will punish him as though he were.

**2. The Need for the Sentence Imposed To Promote Certain Statutory Objectives:to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense**

It is clear in this case that with a sentence already twice that required by the mandatory minimum seriousness and the respect element are covered and it is suggested disproportionately so. This court has substantial room to vary from the sentence advised and still maintain these important elements.

**(A) to afford adequate deterrence to criminal conduct**

Clearly the sentence in the instant matter well in excess of mandatory minimums would dissuade any reasonable person similarly situated to Mr. Fontes from running the risk. The question becomes how much of a sentence is

required to effectuate this important aim. Clearly here a sentence in excess of 10 years, twice the mandatory minimum loses touch with this aim and it is submitted adds little force to it desired result.

**(B) to protect the public from further crimes of the defendant**

Here this important concern is again accomplished but the defendant seeks the court to consider a balancing of the public need and how long the defendant must be removed from society, here the sentence is well more than twice the mandatory minimum and its submitted the scale does not reflect the suggested balance.

**(C) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

Here it is important to note the effects of alcohol and substances have effected Mr. Fontes life by his own admission. The intensive drug treatment program ought to be highly considered in any sentence as would an opportunity to engage with fine community providers of treatment under the auspices of United States Probation. Further vocational and education training and help with lawful employment would be important

considerations in sentencing.

### 3. The Kinds of Sentences Available

In Booker, the Supreme Court severed and excised 18 U.S.C. § 3553(b), the portion of the federal sentencing statute that made it mandatory for courts to sentence within a particular sentencing guidelines range. Booker, 125 S. Ct. at 756. This renders the sentencing guidelines advisory. Id.

### 4. The Sentencing Range Established by the Sentencing Commission

Here as argued in defendants motion to enlarge time the defendant sought an opportunity for the court to consider the new guidelines proposed for crack cases. They result in a two level reduction in offense level to put those cases more in line with the mandatory minimum. This is a crack cocaine case which would be effected by the change. While here career offender calculations would be applicable the base line from which to compare the sentence is it is submitted important to know. Defendant's offense level, absent application of career criminal guideline, would be offense level of 30 rather than 32. Granted that is a base offense level which must be increased to pursuant to U.S.S.G. § 4B1.1 however it is significant for §3553 purposes to note that, absent career criminal enhancement, the defendant' sentencing range with the three point reduction for acceptance of responsibility would be 130-162 months. This calculation is important to take account of in the sentencing calculus as it sets out a policy shift in the Sentencing

Commission to finally move toward adjusting the crack cocaine guidelines. This court has strongly signaled its dissatisfaction with the current 100-1 ratio. It is submitted that every opportunity ought to be given for the court to consider the sentence in light of the guideline change where the court notwithstanding a career offender enhancement enjoys discretion to vary from such sentence.

Sentencing as noted in the pre-sentence report with the career criminal enhancement starts with offense level 34 and criminal history category VI is 188-235. . It is defendant's position that guideline calculation ought to reflect the amendments if passed to allow the court to consider that calculation and the career offender guideline to evaluate any possible variance. The range of differences in sentencing is an important appellate review point. The U.S. Sentencing Commission has sought public comment on retroactive application of both the crack cocaine amendment and criminal history amendment:

> Federal Register Notice (submitted July 27, 2007). Request for public comment regarding retroactive application of amendments pertaining to cocaine base (crack) and to criminal history.

The defendant also notes the pendency in the United States Supreme Court of Kimbrough v. United States, a matter concerning the sentencing ratio of one hundred to one for crack vs. cocaine. The Supreme Court has agreed to address the issue of whether the sentencing court is free in applying 18 USC § 3553A to disagree with policy choices such as the powder to crack cocaine ratio made by the Sentencing Commission. Kimbrough v. United States, 06-6330, United States Supreme Court.

Defendant's case involves crack cocaine. Therefore, this matter currently pending in the Supreme Court is potentially directly applicable; however, under current law is limited in its effect to the ten year mandatory minimum as noted above.

## 5. The Need To Avoid Unwarranted Disparities

At this point it appears that Mr. Fontes will be detained for an inordinately long period of time given the type of offender the career offender guideline was intended to interdict. His removal from society while a part of the federal sentencing schema is not the only consideration and it does appear the guideline sentence will impose an unjustifiably long sentence for the offense and the recidivism issue.

## 6. The need to provide restitution to any victims of the offense

There is no restitution element in this case.

## Conclusion

For the foregoing reasons, Kenneth Fontes respectfully submits that a sentence closely aligned to the proposed amendments guideline range is sufficient, but not greater than necessary to comply with the statutory directives set forth in 18 U.S.C. § 3553(a), especially so when one considers that the proposition does not even come close to the 20:1 ratio this court and others thought appropriate.

Respectfully submitted,
/s/George J. West
__________________
George J. West, Esq. #3052

One Turks Head Place
Suite 312
Providence, RI 02903
Tel 401-861-9042
Fax. 401-861-0330
Email: Georgew180@aol.com

Certificate

I hereby certify that on this 13th day of September 2007, I forwarded a copy of the within Motion to Andrew Reich, Esq., A.U.S.A. andrew.reich@usdoj.gov, U. S. Department of Justice, U.S. Attorney's Office, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 via the USDC's ECF system.

/s/George J. West